

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| GOLDEN STATE HOLDINGS, INC. § | CASE NO: 14-36650 | |
|     Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| JOHN AKARD, JR., TRUSTEE § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-3109 | |
| § | | |
| JASON LANE § | | |
|     Defendant(s) § | | |

**REPORT AND RECOMMENDATION TO WITHDRAW
REFERENCE IN THIS ADVERSARY PROCEEDING**

The Court issues this Report and Recommendation to resolve defendant Jason Lane's Motion to Withdraw the Reference of the Adversary Proceeding. (ECF No. 12). Plaintiff John Akard, Jr., the Trustee, agrees with Lane's Motion.

### Background

Akard alleges two causes of action: (1) fraudulent transfers under 11 U.S.C. § 548, and (2) fraudulent transfers under Tex, Bus. & Com. Code § 24.001. (ECF No. 1 at 3–4). Lane received a series of pre-petition transfers totaling at least $96,724.58 from the debtor Golden State Holdings, Inc. for payment on a mortgage of a house owned by Saher Said. (ECF No. 1 at 2). Akard contends that the debtor made these payments to Lane with the actual intent to hinder creditors, while the debtor was insolvent, and within two years of the bankruptcy petition date. (ECF No. 1 at 3, 4). Akard seeks to recover the property transferred, or the property's value, from the initial transferee, Lane. (ECF no. 1 at 3–4).

Lane filed a motion to withdraw the reference on August 24, 2016. Lane requested a jury trial and did not consent to the jury trial being conducted before the Bankruptcy Court. (ECF No. 12 at 2). Lane and Akard submitted an agreed order to withdraw the reference on September 19, 2016. The Court concludes that withdrawal of the reference is appropriate in this case. The Court recommends withdrawal of the reference at the conclusion of all pre-trial matters.

## Analysis

This adversary proceeding was referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a). The reference procedure under § 157(a) was implemented by District Court General Order 2012-6.

28 U.S.C. § 157(d) provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In determining whether cause exists for the withdrawal of reference, courts look to "(1) the goals of promoting uniformity in bankruptcy administration, (2) reducing forum shopping and confusion, (3) conservation of debtor's and creditors' resources, (4) expediting the bankruptcy process, and (5) the right to a jury trial." COLLIER ON BANKRUPTCY ¶ 3.04[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Lane argues that the fifth factor, the right to a jury trial, constitutes cause to withdraw the reference in this adversary proceeding.

An inability to hold a jury trial without the parties' consent is grounds for withdrawing the reference. COLLIER ON BANKRUPTCY ¶ 3.04[1][b] n. 8. Absent consent, if the demanding party is entitled to a jury trial it may not proceed before a bankruptcy court. 28 U.S.C. § 157(e); *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994). Lane has not consented to this Court

conducting a jury trial. Accordingly, the Court must determine whether Lane is entitled to a jury trial based on the causes of action alleged. If entitled, cause exists to withdraw the reference.

To determine whether a party is entitled to a jury trial, "[f]irst, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United* States, 481 U.S. 412, 417–18 (1987). The second step of the analysis is more determinative than the first. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

It is plain that the Defendants are entitled to a jury to determine liability for fraudulent transfers under 11 U.S.C. § 548 and Tex, Bus. & Com. Code § 24.001. "Actions to recover preferential or fraudulent transfers were often brought at law in late 18th-century England." *Granfinanciera*, 492 U.S. at 43. Allegations of a fraudulent transfer are entitled to a jury determination. *Granfinanciera*, 492 U.S. at 64-65 (1989).

Accordingly, the Court recommends that the reference be withdrawn in this adversary proceeding. The Court's normal procedure in reference withdrawal situations is to recommend that the adversary proceeding remain in the bankruptcy court until trial. The Court sees no reason to depart from that recommendation in this case.

### Conclusion

The Court will issue an Order consistent with this Report and Recommendation.

SIGNED **October 5, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE